UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
CASE NO.______________

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
2008 MAR 27 A 11: 05

DANIEL RILEY
Plaintiff,
v.

UNITED STATES,
TOM COLANTUONO,
ROBERT KINSELLA,
ARNOLD HUFTALEN,
STEPHAN MONIER,
Defendants,

CIVIL COMPLAINT

42 U.S.C. § 1985(3)

42 U.S.C. § 1983

1:08-fp-117

COMES NOW, Daniel Riley, acting in a sovereign capacity, Sui Juris, representing the Plaintiff, and makes this civil complaint, prima facie, to allege the deprivation of his guaranteed Constitutional and Common Law rights by the United States.

## JURISDICTION

1. The administrative tribunal building at 55 Pleasant Street in Concord, New Hampshire, that is not within the territorial United States, otherwise known as the federal courthouse used for civil lawsuits, has jurisdiction over this matter via 28 U.S.C. § 1346 being that this is a civil claim against the defendant the United States, its officers and/or employees.

## BACKGROUND

2. On September 12, 2007 the defendants had the plaintiff unlawfully kidnapped from his home in Cohoes, New York at gunpoint by their subordinates.

3. The defendants had the plaintiff brought to Strafford County, New Hampshire and imprisoned him, alleging United States Code, Title 18 violations.

4. The defendants have made unlawful demands against the plaintiff alleging violation of title 18 crimes outside the territorial jurisdiction of the United States.

5. The defendants have demanded the plaintiff be imprisoned anywhere from 30 to 51 years for alleged title 18 violations outside the territorial jurisdiction of the United States.

6. The defendants allege the plaintiff committed these offenses in Plainfield, New Hampshire while helping a fellow American defend himself from the unlawful aggressions of the defendants.

7. The plaintiff is still unlawfully imprisoned due to the unlawful demands made against the plaintiff by the defendants.

COMPLAINT

8. The plaintiff was charged with all United States Code, title 18 offenses as alleged in the defendants demands, therefore 18 U.S.C. § 7 is applicable to the demands made against the plaintiff by the defendant, the United States.

9. The United States Congress made these title 18 offenses only applicable within the territorial United States and defined such in 18 U.S.C. § 7.

10. 18 U.S.C. § 7 defines the territorial United States in a land sense in sub section (3). This section falls in accordance with U.S. Constitution Article I, § 8, Cl. 17. Title 18 offenses are only applicable within the territorial United States

11. In relevant terms the United States territorial jurisdiction is defined to encompass the District of Columbia, and all federal enclaves freely ceded to the United States for the specific purposes listed, by any particular State as per U.S. Constitution Article I, Section 8, Clause 17.

12. The United States must have jurisdiction before it can have authority, and even when a State cedes land to the United States it can still place restrictions on the jurisdiction surrendered, such as making it concurrent instead of exclusive. Plainfield, New Hampshire is not within the defined territorial jurisdiction of the United States. The United States in interfering with a sovereign State's jurisdiction, against the laws of the State and the U.S. Constitution Article I, § 8, Cl. 17.

13. The plaintiff has undisputable proof to the lack of territorial jurisdiction of the United States within the Country of New Hampshire. The proof consists of affidavits from the N.H. Secretary of State and from his Deputy that the United States is in non-compliance with RSA 123:1, which in turn makes them in non-compliance with U.S. Constitution Article I, § 8, Cl. 17, therefore no territorial jurisdiction to enforce title 18 offenses within the Country of New Hampshire

14. This complaint alleges that Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier acted beyond their authority when they had the plaintiff captured/kidnapped outside the territorial jurisdiction of the United States.

15. This complaint alleges that the United States, Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier acted beyond their authority when

they made demands against the plaintiff for title 18 offenses which occurred outside the territorial jurisdiction of the United States therefore, outside their scope of authority.

16. This complaint alleges that the United States, Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier have no authority to make demands against the plaintiff because the defendants are operating outside their limited jurisdiction and further contends Title 18, also known as Public Law 80-772, was never passed by both Houses of Congress as required by the U.S. Constitution thus they are enforcing unlawful laws because Title 18 is *void ab initio*.

17. This complaint alleges that the United States, Thomas Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier have no right to kidnap a citizen of one of the United States, and imprison him for alleged offenses that are not in the realm of their authority (outside their territorial jurisdiction), thus depriving the plaintiff of his Fifth Amendment Right to due process.

18. This is the same thing, as if the State Police of Maine going to New Jersey and writing traffic citations. It would be declared unlawful because the State Police of Maine would be operating outside their territorial jurisdiction as defined by their State borders.

19. The plaintiff will declare for this court that he is not a citizen of the United States but a citizen of one of the United States. The plaintiff was not born and does not reside in the United States but was born and resides in one of the United States. The plaintiff has never knowing, willfully or voluntarily submitted to become a citizen of the United States therefore, this American has never given personnel jurisdiction over him to the United States and wishes nor demands anything from the United States or has any contracts signed knowing, willfully or voluntarily at this time with the United States. The appellant is not a 14th Amendment citizen but a U.S. Constitutional Article 4, Section 2, Clause 1 citizen, therefore, the plaintiff has granted no personal jurisdiction over me to the United States.

20. This complaint alleges that the United States, Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier are negligent for operating beyond their scope of authority due to the fact they are operating outside their jurisdiction, thus depriving the plaintiff of his Fifth Amendment Right to due process.

21. This complaint alleges that the United States has no jurisdiction over the plaintiff, because he is not inside their territorial jurisdiction, and the plaintiff is not one of their citizens and their demands do not fall under any title 28 subject matter jurisdictions.

22. The plaintiff has a guaranteed Constitutional and Common Law right to be tried in a court of jurisdiction and to have demands made against him by a party with jurisdiction. Neither is the reality in the defendant's case against the plaintiff, see federal case no. 07-189-GZS. 18 U.S.C. § 3231 does not confer territorial jurisdiction to the

United States inside the territorial sovereignty of the States. The defendants are violating the very Constitution they had sworn to defend.

23. The United States Constitution Fifth Amendment guarantees the right to due process of law. Due process is denied when an entity (government) uses its authority beyond its jurisdiction, which is the allegation in this civil complaint. This complaint alleges the Government has let its zeal get in the way of its judgment and is now violating the very Constitution it is sworn to defend.

24. Since time immortal the common law has been to try a criminal case by a court with jurisdiction, and for whom a plaintiff had the right of jurisdiction to file the complaint in the first place. The plaintiff in this case makes the allegation that the United States through its officers and employees, Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier are depriving the plaintiff of this common law right.

25. The plaintiff alleges Stephan Monier, through his subordinates, attempted to murder the plaintiff at 8:00a.m. on June 7, 2007 in Plainfield, New Hampshire by shooting bullets at him for no reason, that just missed the plaintiff's head by inches.

26. The plaintiff alleges also on that same day in June '07 he was electrocuted and beaten by the defendant Monier's subordinates for no lawful reason, the plaintiff was just exercising his First Amendment Right to peacefully assemble.

27. The plaintiff alleges the defendant's attempt to murder him, has chilled his ability to exercise his First Amendment Right to peacefully assemble in Plainfield, New Hampshire without fear of bodily harm.

28. The plaintiff has a right to revolt if necessary, against any entity that has become inherently dangerous to the People's liberties. This right is contained in the New Hampshire Constitution, Article 10 and the Declaration of Independence. The plaintiff alleges this Right to revolution has been chilled by the defendant's actions, such as stealing his "liberty tools" and attempting to murder the plaintiff for the free exercise of his lawful rights.

29. The plaintiff alleges that Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier have and still are conspiring to cover up the attempted murder of the plaintiff.

30. The plaintiff alleges that Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier committed overt acts, such as lying to the press about the murder attempt, covering up documentation of the attempted murder, hiding or destroying evidence such as shell casings, video of the attempted murder, and telling their subordinates to lie about the attempted murder.

31. The plaintiff alleges that Thomas P. Colantuono, Arnold Huftalen, Robert Kinsella and Stephan Monier are refusing to produce proof of their alleged authority to

deprive the plaintiff of his Constitutional and Common Law Rights. The proof being a statute or law that gives them territorial jurisdiction in Plainfield, New Hampshire, instead they use the color of law and the raw exercise of prosecutorial power to attempt to murder and imprison the plaintiff for alleged title 18 offenses that are not within their territorial jurisdiction.

32. On July 14, 2007 in Plainfield, New Hampshire the plaintiff was exercising his First Amendment Right to peacefully assemble with other like-minded individuals to give rise to political speech about the redress of grievances concerning the unlawful acts of the United States against American citizens. At approximately 12:31 p.m. a helicopter appeared in the sky above the peaceful assembly and began to circle at about 3,000 feet.

33. The helicopter then began to descend slowly until eventually it was circling the peaceful assembly of American Citizens, at about 100 feet. The plaintiff witnessed in the helicopter a minimum of two people. The helicopter descended to treetop level, 30 feet, and buzzed the assembly over and over. At one point kids as little as newborns were crying out of fear. The down draft from the rotor blades could be felt by the plaintiff, which raised concerns for safety.

34. The plaintiff had a reasonable fear for his person being the fact the helicopter almost crashed into the wind generator and was flying low enough to hit trees or the house. The helicopter was operated in a hazardous manner causing concern and fear for their safety among those peacefully assembled. Imagine the erratically flown helicopter hit something and crashed into the crowd of Americans. This could have very easily turned into a rescue and recovery operation due to the negligence of that pilot.

35. The helicopter was traced via its large registration numbers on it, to the United States Department of Homeland Security. The helicopter's registration declared it was designated for border patrol activities; yet, the helicopter was harassing Americans in Plainfield, New Hampshire and trying to provoke them.

36. At night the helicopter flew with no lights on and passed over and over the assembled Americans, shinning a blinding high powered beam of light at those Americans who were still assembled. At one point, the helicopter dipped its nose and dropped 25 feet from the ground causing Americans to run for their safety as the down draft from the rotor blades sent small rocks and debris flying everywhere.

37. Nine hours later, at 9:38 p.m. the helicopter finally vacated the area, leaving many Americans amazed and astonished by what they had just witnessed their own Government do to them. The plaintiff contends this is an abuse of the Executive Branch of Government and has gone unchecked by the Legislative and Judicial Branches. One of the Americans present that day, lodged a formal complaint with the Federal Aviation Administration shortly there after.

38. This complaint alleges the helicopter assault was done knowingly, willfully, maliciously, and with forethought by the defendants to chill the plaintiff's First Amendment Right to peacefully assemble, without interference from the Government.

39. This complaint alleges the courthouse at 55 Pleasant Street in Concord New Hampshire (where the plaintiff is the defendant in a federal criminal case) is not a lawful venue for title 18 proceedings. This building falls under the "other needful buildings" in U.S. Con. Art.I, § 8, Cl. 17, therefore the land that this building sits on must be freely ceded to the United States by New Hampshire to be a lawful venue( see James v. Dravo Contracting Co. (1941) 302 US 141,142), otherwise the United States is holding court outside their territorial limits. This is the same as Ohio making demands against someone and holding the proceedings in Indiana. This would be declared unlawful immediately, well, it's the same thing the United States has been getting away with here in New Hampshire. The land the courthouse sits on has not been ceded to the United States, the plaintiff has made this aware to the court and the United States, and yet they just keep breaking the law.

40. This complaint alleges that the plaintiffs Second Amendment Right to bear arms is also being violated by the defendant's, because they stole his "liberty tools" otherwise known as militia rifles, without authority. The plaintiff is a member of the unorganized militia of one of the United States, therefore the second amendment is applicable to the plaintiff and because he is an American by birth.

41. This complaint also alleges that Thomas P. Colantuono, Arnold Huftalen, and Robert Kinsella knowingly fabricated evidence and lied to the grand jury on September 12, 2007 to get the plaintiff indicted, thus criminally violated the plaintiff's 5th Amendment Right.

42. The United States is also prosecuting the plaintiff in their criminal case against him outside the State and district where the alleged offense had occurred, thus violating the plaintiff's Sixth Amendment Right. The offense was alleged to have occurred in Plainfield, New Hampshire and the jurisdiction of the prosecution has been unlawfully transferred to Portland, Maine.

SUMMARY

42. This complaint alleges and asserts that the plaintiff has been deprived of his Constitutional and Common Law Rights by the defendants, as follows:

a. First Amendment Right to peacefully assemble has been chilled with fear of retribution from the Government,

b. Second Amendment Right to bear arms in self defense of his person and his Country as a member of his State's unorganized

militia, have been chilled, firearms stolen by defendants without authority,

c. Fifth Amendment Right to due process, for lack of territorial jurisdiction, enforcing laws that do not exist, and lying to the grand jury,

d. Sixth Amendment Right to be prosecuted and tried (see F.R.Cr.P rule18 and 18 U.S.C. § 3232) in the State and district where the alleged offense occurred,

e. New Hampshire's Article 10, Right to Revolution being deprived.

WHEREFORE the plaintiff files this complaint for the following relief from this court and requests the court;

A. To immediately enjoin the defendants from pursuing unlawful demands against the plaintiff, case no. 1:07-cr-189-GZS, for lack of jurisdiction,

B. To award the plaintiff $10,000 federal reserve notes for the violation of his civil rights as per 28 U.S.C 1346 and to award monetary damages, to be specified at a later date, allowed by law,

C. To waive any filing fee, due to the fact the plaintiff is an indigent inmate at the Strafford County House of Corrections and to send paperwork to proceed in forma pauperis, if need be,

D. For an order to make the United States prove jurisdiction over the plaintiff, and if not proven, to declare no jurisdiction exists,

E. For such any other relief as may be just.

IN THE FORM OF AN AFFIDAVIT

I, Daniel Riley, *Sui Juris,* submits this civil complaint as an affidavit, and hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States," that I am over 18 years of age, a citizen of one of the United States of America, and that the allegations are true as per 28 U.S.C. § 1746.

Daniel Riley

DEMAND FOR JURY TRIAL

DATED: March 25, 2008

END OF COMPLAINT