UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DANIEL RILEY,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br>THOMAS COLANTUONO,<br>ROBERT KINSELLA,<br>ARNOLD HUFTALEN,<br>STEPHAN MONIER,<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br>NH CA 08-117-WES<br><br>RI MC 08-40 S |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is a Motion/Affidavit to Proceed in Forma Pauperis without Prepayment of Fees ("Motion to Proceed IFP" or "Motion") filed by Plaintiff Daniel Riley ("Plaintiff" or "Riley").[1] Because I conclude that the Motion should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) (explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary

---

[1] 28 U.S.C. § 1915 provides in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

**Facts**

Plaintiff, who is a defendant in a criminal prosecution in the District of New Hampshire, United States v. Daniel Riley, D.N.H. Cr. No. 07-189-01-GZS,[2] alleges in his Complaint that the United States (the "Government"), Thomas Colantuono ("Colantuono"), Robert Kinsella ("Kinsella"), Arnold Huftalen ("Huftalen"), and Stephen[3] Monier ("Monier") (collectively "Defendants")[4] have deprived him of his constitutional and common law rights. By way of background, Plaintiff alleges that on September 12, 2007, Defendants had him kidnapped at gunpoint from his home in Cohoes, New York; that Defendants had him brought to Strafford County, New Hampshire, and imprisoned for alleged violations of Title 18 of the United States Code; that Defendants have made "unlawful demands against the [P]laintiff alleging violation of title 18 crimes outside the territorial jurisdiction of the United States," Complaint ¶ 4; that Defendants have demanded that he be imprisoned for thirty to fifty-one years for the alleged violations of Title 18; that the alleged violations

---

[2] Due to the recusal of the judges in the District of New Hampshire, the case was referred to the District of Maine on October 16, 2007. See United States v. Daniel Riley, D.N.H. Cr. No. 07-189-01-GZS (Order of 10/16/07). On April 9, 2008, a jury found Riley guilty of conspiracy, accessory after the fact, and possession of a firearm/destructive device in connection with a crime of violence. Sentencing is scheduled for August 1, 2008.

[3] In the Complaint, Plaintiff spells Monier's first name as "Stephan." Complaint ¶ 14. The Court corrects the spelling to Stephen.

[4] Thomas P. Colantuono is the United States Attorney for the District of New Hampshire. Robert M. Kinsella and Arnold Huftalen are Assistant United States Attorneys. Stephen Monier is the U.S. Marshal for the District of New Hampshire. The Court refers to Colantuono, Kinsella, Huftalen, and Monier collectively as the "Individual Defendants."

were committed in Plainfield, New Hampshire, while Plaintiff was helping a fellow citizen defend himself from unlawful aggression by Defendants; and that Plaintiff is unlawfully imprisoned because of the "unlawful demands" made by Defendants.

In the body of the Complaint, Plaintiff alleges that he was charged with criminal offenses under Title 18 of the United States Code; that Congress made these offenses applicable only within the territorial United States as defined in 18 U.S.C. § 7; that Plainfield, New Hampshire, is not within the defined territorial jurisdiction of the United States; that there is "no territorial jurisdiction to enforce title 18 offenses within the Country of New Hampshire," Complaint ¶ 13; that Defendants acted beyond their authority in charging, prosecuting, and imprisoning[5] Plaintiff for offenses not within their authority, thereby depriving him of his Fifth Amendment right to due process; and that Title 18 was never passed by both Houses of Congress as required by the U.S. Constitution and, therefore, Defendants are enforcing unlawful laws.

Plaintiff additionally alleges that the United States has no jurisdiction over him because he is not inside its territorial limits and is not one of its citizens; that he has a right to be tried in a court with jurisdiction and to have the charges[6] made against him by a party with jurisdiction; and that the Individual Defendants are depriving Plaintiff of this common law right.

Plaintiff further alleges that Monier, "through his subordinates, attempted to murder the [P]laintiff ... on June 7,

---

[5] Plaintiff actually alleges that Defendants have "made demands against the [P]laintiff for title 18 offenses ...." Complaint ¶ 15. Construing his pro se pleading liberally, the Court reads the word "demands" to include the Individual Defendants' decision to charge and prosecute Plaintiff with Title 18 offenses.

[6] The Court here again liberally construes the word "demands," Complaint ¶ 22, to include charges.

2007[,] in Plainfield, New Hampshire[,] by shooting bullets at him ...," id. ¶ 25; that on the same day Monier's subordinates unlawfully electrocuted and beat Plaintiff; and that the attempt to murder him has chilled Plaintiff's First Amendment right to peacefully assemble. Relatedly, Plaintiff alleges that he has a "right to revolt if necessary, against any entity that has become inherently dangerous to the People's liberties," id. ¶ 28 (citing New Hampshire Constitution, Article 10), and that "this Right to revolution has been chilled by the defendant's[7] actions ...," id.; that the Individual Defendants have conspired to cover up the attempted murder of Plaintiff; and that they are refusing to produce proof of their alleged authority to deprive Plaintiff of his Constitutional and common law rights.

Plaintiff also alleges that on July 14, 2007, a helicopter registered to the United States Department of Homeland Security repeatedly flew dangerously low over a gathering of citizens who had peacefully assembled in Plainfield, New Hampshire, causing Plaintiff and others to fear for their personal safety. He charges that this action was done deliberately by Defendants to chill Plaintiff's First Amendment right to assemble.

Plaintiff additionally alleges that the courthouse located at 55 Pleasant Street in Concord, New Hampshire, is not a lawful venue for Title 18 proceedings because "[t]he land the courthouse sits on has not been ceded to the United States ...." Id. ¶ 39. He further alleges that his "Second Amendment Right to bear arms is also being violated by the defendant's,[8] because they stole his 'liberty tools' otherwise known as militia rifles, without authority." Id. ¶ 40. Plaintiff charges that Colantuono,

---

[7] The identity of the Defendant being referenced here is unclear as Plaintiff uses the singular possessive without specifying a particular Defendant. See Complaint ¶ 28.

[8] See n.7.

Huftalen, and Kinsella fabricated evidence and lied to the grand jury on September 12, 2007, in order to get Plaintiff indicted and that by doing so they violated Plaintiff's Fifth Amendment right.

Lastly, Plaintiff alleges that the United States is prosecuting Plaintiff outside the state and district where the alleged offense occurred in violation of his Sixth Amendment right. In support of this allegation, Plaintiff states that the offense was alleged to have occurred in Plainfield, New Hampshire, and "the jurisdiction of the prosecution has been unlawfully transferred to Portland, Maine." Id. ¶ 42.

In a summary, which precedes his prayer for relief, Plaintiff asserts that he has been deprived of: 1) his First Amendment right to peacefully assemble without fear of retribution from the Government; 2) his Second Amendment right to bear arms in self defense and as a member of his state's "unorganized militia," id. ¶ 42; 3) his Fifth Amendment right to due process because of the lack of territorial jurisdiction, the enforcement of laws that do not exist, and the lies to the grand jury; 4) his Sixth Amendment right to be prosecuted and tried in the state and district where the alleged offense occurred; and 5) his right of revolution as contained in Article 10 of the New Hampshire Constitution.

In his prayer for relief, Plaintiff asks that the Court: 1) enjoin the prosecution of the criminal case against him for lack of jurisdiction; 2) award him $10,000.00 for violations of his civil rights; 3) order the Government to prove jurisdiction over him and, if the Government fails to do so, declare that no jurisdiction exists; 4) waive any filing fee based on his status as an indigent inmate; and 5) award such other relief as may be just.

**Discussion**

To the extent that Plaintiff seeks enjoinment of his criminal prosecution, the guilty verdicts returned against him on April 9, 2008, has rendered that request moot. To the extent that he seeks monetary damages and declaratory relief, his action is largely barred by Heck v. Humphrey,[9] 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994)(holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983[10] plaintiff

---

[9] Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364 (1994),

> involved a § 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers that had led to the plaintiff's arrest, and ultimately his conviction. In analyzing whether Heck's claim was cognizable under § 1983, the Court analogized to the common-law cause of action for malicious prosecution, one element of which is the termination of the prior criminal proceeding in favor of the accused. The Supreme Court upheld the dismissal of the suit, and it stated that if a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... the [§ 1983] complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487, 114 S.Ct. 2364.

Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000)(alterations in original).

[10] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus")(footnote omitted); Huftile v. L.C. Miccio-Fonseca, 410 F.3d 1136, 1141 (9th Cir. 2005)(affirming dismissal of prisoner's claims under § 1983 for damages and declaratory relief because they were barred by Heck); Scott v. Sanford, C/A No.: 8:06-3484-MBS, 2007 WL 474062, at *3 (D.S.C. Feb. 9, 2007) (finding that plaintiff's § 1983 claims regarding pre-trial detention and pre-trial proceedings are "subject to summary dismissal because a right of action with respect to the plaintiff's detention and pending criminal proceedings has not yet accrued")(citing Heck); Perkins v. Anderson, Civil No. 06–4021 (PAM/FLN), 2006 WL 3392787, at *1 (D. Minn. Nov. 21, 2006)(holding that plaintiff has not stated a claim upon which relief can be granted where his "claim for monetary damages, if successful, would necessarily imply the invalidity of his confinement")(citing Heck, 512 U.S. at 481-83).

Under Heck, the preclusion of Plaintiff's claims exists until such time as the civil "action would no longer challenge the validity of the criminal prosecution." McCarthy v. Gilchrist, No. CIV 07-1374-C, 2008 WL 506283, at *3 (W.D. Okla. Feb. 22, 2008). Accordingly, I find that Plaintiff's claims relating to his arrest, detention, and prosecution have not yet accrued and that, therefore, they should be summarily dismissed. See Robinson v. Waters, C.A. No. 2:06-2128-TLW-RSC, 2008 WL 548858, at *3 (D.S.C. Feb. 25, 2008)(finding that plaintiff's § 1983 claims are "subject to summary dismissal because a right of action with respect to the plaintiff's detention and pending criminal proceedings has not yet accrued")(citing Heck).

Additionally, to the extent that this action is a collateral attack on the jury's guilty findings, this Court lacks subject matter jurisdiction. See Heck, 512 U.S. at 490 n.10, 114 S.Ct. at 2374 n.10 (describing "the principle barring collateral attacks [as] a longstanding and deeply rooted feature of both the common law and our own jurisprudence"). It should be dismissed for that reason also, and I so recommend.

As for Plaintiff's claims against Colantuono, Kinsella, and Huftalen, they are also barred by the doctrine of prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995 (1976)("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); see also Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615 (1993)("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); Harrington v. Almy, 977 F.2d 37, 40 (1st Cir. 1992)("The decision whether or not to charge is at the core of the prosecutorial functions the courts have sought to insulate from second guessing through civil litigation."); Willhauck v. Halpin, 953 F.2d 689, 711 n.22 (1st Cir. 1991)("[A] § 1983 action brought after the fact for damages against prosecutors in their individual capacity would ... be barred by the doctrine of prosecutorial immunity."); Celia v. O'Malley, 918 F.2d 1017, 1019 (1st Cir. 1990)("Absolute immunity is afforded to prosecutors in their quasi-judicial role in order to ensure the independence and effectiveness of the criminal justice system."); Malachowski v. City of Keene, 787 F.2d 704, 711 (1st Cir. 1986) ("In his capacity as prosecutor ... he is absolutely immune from a suit for damages under § 1983."). The immunity afforded to a prosecutor remains even when he institutes a prosecution in bad

faith for the purpose of retaliation. See Celia v. O'Malley, 918 F.2d at 1019 (citing Siano v. Justices of Massachusetts, 698 F.2d 52, 58 (1st Cir. 1983)); Campbell v. Maine, 787 F.2d 776, 778 (1st Cir. 1986)(refusing to recognize a bad faith exception to the scope of prosecutorial immunity as defined in Imbler); cf. Reid v. New Hampshire, 56 F.3d 332, 337 (1st Cir. 1995)(holding that allegation that prosecutors repeatedly misled trial court in order to conceal their alleged misconduct does not defeat absolute immunity). Accordingly, I find that Plaintiff's claims against Colantuono, Kinsella, and Huftalen are barred by prosecutorial immunity.[11]

It is true that the Complaint contains a few allegations which may not be directly related to Plaintiff's recent conviction and, therefore, may not be barred by Heck. See, e.g., Complaint ¶¶ 32-37 (describing the incident involving the helicopter). However, these complaints are greatly overshadowed by the majority of allegations which directly relate to Plaintiff's recent conviction. Moreover, the bulk of the substantive relief which Plaintiff seeks by the instant action pertains to that prosecution. See Complaint, Prayer for Relief (seeking enjoinment of the criminal prosecution and an order requiring the Government to prove jurisdiction). It would be inappropriate to allow this action to go forward when the vast majority of Plaintiff's claims are barred and confusion could result. A better course would be for Plaintiff to file a new

[11] Plaintiff's claims against Monier may be barred by the doctrine of qualified immunity. See Cox v. Hainey, 391 F.3d 25, 29 (1st Cir. 2004)(explaining that "the doctrine of qualified immunity protects public officials from civil liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'")(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982)); Wilson v. Blankenship, 163 F.3d 1284, 1289 (11th Cir. 1998)(finding U.S. Marshal was entitled to summary judgment based on qualified immunity). However, the Court finds it unnecessary to reach this issue.

complaint, asserting only those claims which do not challenge the validity of his recent conviction and do not seek relief relative to that action.

**Summary**

In summary, Plaintiff's Complaint fails to state a claim upon which relief can be granted because he is attempting to challenge the lawfulness of his recent conviction. Such action is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). In addition, his claims against Colantuono, Kinsella, and Huftalen, are barred by the doctrine of prosecutorial immunity. To the extent that the Complaint may contain some claims the adjudication of which would not necessarily demonstrate the invalidity of his recent conviction (and, therefore, are not precluded by Heck[12]) those claims are overshadowed by the barred claims, and it would create confusion to allow this action to proceed. Accordingly, I recommend that the Motion be denied and that this case be dismissed without prejudice to Plaintiff's right to file a new action containing only claims that are not barred by Heck and which action does not seek to challenge the criminal prosecution.

**Conclusion**

For the reasons stated above, I recommend that Plaintiff's Motion to Proceed IFP be denied and this action be dismissed. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[13] days of its receipt. See Federal Rule of Civil Procedure 72(b);

---

[12] See Heck, 512 U.S. at 487, 114 S.Ct. at 2372 (explaining that "if plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit")(footnote omitted).

[13] The ten days do not include intermediate Saturdays, Sundays, or holidays. See Fed. R. Civ. P. 6(a)(2).

District of Rhode Island Local Rule Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
June 10, 2008